IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0840 |
| | § | |
| ALSCO, INC., | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Alsco, Inc. ("Alsco" or "Defendant") files this Notice of Removal of the civil action filed against Alsco by Plaintiff Alondra Garcia ("Plaintiff" or "Garcia") to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. §§ 1332, and 1441 on the basis of the following facts, which demonstrate the existence of diversity jurisdiction in this Court.

### I.    INTRODUCTION

1.    On January 13, 2025, Plaintiff filed her Original Petition against Alsco (the "Petition") in the 151st Judicial District Court in Harris County, Texas, styled *Alondra Garcia v. Alsco, Inc.*, Cause No. 2025-02557 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit D** (the "Petition").

2.    On January 27, 2025, Plaintiff's counsel served a copy of the Petition on Alsco's counsel, a true and correct copy of which is attached hereto as **Exhibit B**.  On February 24, 2025, Alsco filed its Original Answer and Affirmative Defenses to Plaintiff's Original Petition, a true and correct copy of which is attached hereto as **Exhibit E** (the "Petition").

## II.   GROUNDS FOR REMOVAL

3.   As demonstrated below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 by virtue of the parties' complete diversity of citizenship and the amount in controversy.

4.   **Diversity of Citizenship**: There is complete diversity of citizenship between the parties in this action as required by 28 U.S.C. § 1332:

> a.   *Plaintiff*:   Plaintiff was, at the commencement of this action, and is presently, a citizen and resident of the State of Texas (Petition at pg. 1).

> b.   *Defendant*:   Defendant was, at the commencement of this action, and is presently, a citizen of the State of Nevada, being a corporation organized and existing under the laws of the State of Nevada and having its principal place of business in the State of Utah.

5.   **Amount in Controversy**: The amount in controversy in Plaintiff's action is in excess of $75,000.00, exclusive of interest and costs.  The Petition involves claims for alleged employment discrimination and retaliation pursuant to TEX. LABOR CODE §21.001 *et. seq.* (*See* Petition).  Plaintiff claims that she is seeking damages for "irreparable injury, monetary, emotional, actual, consequential, and compensatory damages," "exemplary damages," and prays that the court provide her with "a reasonable fee for the attorney's services rendered."  (Petition at pg. 7).

6.   When removal is premised upon diversity jurisdiction, courts determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  If a removing defendant shows that by a preponderance of the evidence the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), the plaintiff may defeat removal only by showing with legal certainty that the claims alleged are for less than Seventy-Five Thousand Dollars ($75,000.00). *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

4924-5795-5870.1

7.     The Texas Commission on Human Rights Act, TEX. LABOR CODE §21.001 *et. seq.* ("TCHRA") provides for economic and compensatory damages based, in part, upon the size of the employer.  Defendant employs more than five hundred (500) employees during the relevant timeframe.  Thus, an employee claiming discrimination or retaliation based upon a protected class, like Plaintiff, against Defendant may recover no more than Three Hundred Thousand Dollars ($300,000.00) in compensatory damages if successful in proving her claims.

8.     A successful TCHRA plaintiff may also recover back wages and front-pay.  Here, Plaintiff alleges she is entitled to "[a]n award of actual, liquidated, consequential, and compensatory damages on all counts." (Petition, Prayer For Relief at ¶ 4).  As of the date of her termination, on or around April 5, 2023, Plaintiff's final hourly rate was Twelve Dollars and Fifty Cents ($12.50) an hour.  Plaintiff's claim for back wages alone during the period of April 5, 2023, until the date of removal, February 25, 2025, would be Forty-Nine Thousand and Five Hundred Dollars ($49,500).[1]  Here, Defendant conservatively estimates that this matter will conclude by February 2026, or within 12 months of its removal from the State Court.[2]  Calculating lost wages through trial yields an ***additional*** amount in controversy of not less than Twenty-Six Thousand Dollars ($26,000).[3]  Indeed, *the back wages alone*—from Plaintiff's termination date until the conservatively estimated date of trial—is more than the jurisdictional requirement.[4]

9.     On February 19, 2025, Plaintiff made a post-petition settlement demand to Alsco for recovery of damages which exceeded Seventy-Five Thousand Dollars ($75,000.00).  *See Ham*

---

[1] ($12.50 multiplied by 40 hours per week multiplied by approximately 99 weeks).
[2] This 12-month estimate is conservative considering the 2024 U.S. Courts Caseload Statistics, which show that the median time interval for disposition of civil cases in this District, from filing through trial, is approximately ***32.6 months***.  *See* Comparison of Districts Within the Fifth Circuit at URL: https://www.uscourts.gov/data-news/data-tables/2024/09/30/federal-court-management-statistics/n-a-1 (September 30, 2024).
[3] ($12.50 multiplied by 40 hours per week multiplied by approximately 52 weeks).
[4] ($49,500 + $26,000 = $75,500)

3

4924-5795-5870.1

*v. Bd. of Pensions of Presbyterian Church (U.S.A.)*), No. 3:04-CV-2692P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) quoting *Carnahan v. Southern Pac. R.R. Transp. Co.*, 914 F.Supp. 1430, 1431 n. 4 (E.D.Tex.1995)) ("settlement offers are compelling evidence of the minimum amount in controversy."); *see also Carnahan v. S. Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431–32 (E.D. Tex. 1995) (Court considering settlement demand in calculating the amount in controversy for removal purposes).

10.    Plaintiff is also separately seeking recovery of her attorneys' fees and expenses pursuant to TEX. LABOR CODE §21.259.  As set forth in a Declaration filed in September 2023 by Plaintiff's counsel, Peter Costea, in another employment case entitled *Sandolph v. Martin Marietta Materials, Inc.,* United States District Court, Western District of Texas, Case Number CA-6:19-cv-00516-ADA-JCM ("Costea Declaration"), a copy of which is attached hereto as **Exhibit G**,[5] the hourly rate for Plaintiff's counsel *over a  year ago* was Four Hundred and Fifty Dollars ($450) per hour.  Plaintiff's counsel requested Fourteen Thousand and Four Hundred and Twelve Dollars and Fifty Cents ($14,412.50) in attorneys' fees for responding to a motion to dismiss and drafting a sanctions motion.  *See Id*.  Assuming this case were to proceed to a jury trial, as requested in the Petition, this matter would more likely than not surpass Seventy-Five Thousand Dollars ($75,000.00) in attorneys' fees *alone*.  *See Williams-Pyro, Inc. v. Barbour*, 408 S.W.3d 467, 470 (Tex. App. 2013) (affirming trial court awarding reasonable and necessary attorneys' fees in the amount of One Hundred and Fifty Four Thousand and Three Hundred and Thirty Five Dollars ($154,335) in employment discrimination case under TCHRA).

11.    Plaintiff also seeks "[a]n award of exemplary damages" because "Defendant's discriminatory actions against her were perpetrated with malice or with reckless indifference for

---

[5] The Court may take judicial notice of the facts set forth in the Costea Declaration because its contents are not subject to reasonable dispute find they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

4924-5795-5870.1

her rights." (Petition at pg. 8).   Exemplary damages allowed by state statute are encompassed in the amount in controversy.  *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001);  *Bates v. Laminack*, 938 F.Supp.2d 649, 655 (S.D. Tex. 2013).   Some District Courts have held "that the amount in controversy is satisfied if the plaintiff has requested unspecified punitive damages, which is independently sufficient to satisfy this Court's jurisdictional limit."   *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. 2017).

12.     Texas law requires a party to plead a range of relief sought among five predefined damage ranges.  *See* TEX RULE CIV P 47(c).  Plaintiffs cannot plead a specific amount of damages beyond one of the ranges.  The lowest range is "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."  TEX RULE CIV P 47(c)(1).  Notably, in her Petition, Plaintiff has failed to plead a statement describing which damage range she seeks.  Rather, she only prays for relief "in excess of the minimum jurisdictional limits of this court."

13.     Plaintiff's failure to comply with TEX RULE CIV P 47(c)(1) will not limit removal. "A Texas plaintiff who wishes to avoid removal by limiting their recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with his original state petition."  *Martinez v. Liberty Ins. Corp.*, No. H-19-3956, 2019 U.S. Dist. LEXIS 217051, at *3 (S.D. Tex. Dec. 18, 2019) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998).  The stipulation must be filed in state court *before* removal because federal courts determine removal jurisdiction on the basis of the claims in state court as they existed at the time of removal. *Martinez,* 2019 U.S. Dist. LEXIS 217051, at *6 (S.D. Tex. Dec. 18, 2019) (emphasis added).

14.     Most importantly, "alleged damages stated in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because plaintiffs may supersede those allegations with amended pleadings."  *Martinez*, 2019 U.S. Dist.

5

LEXIS 217051, at *4 (S.D. Tex. Dec. 18, 2019) (citing *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) ("Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions.").

15.    Moreover, even a subsequent event that would reduce the amount in controversy below the jurisdiction limits, such as a binding stipulation executed by Plaintiff after removal, generally would not divest this Court of diversity jurisdiction.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### III.    REMOVAL IS PROPER

15.    Removal is proper because the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.00.  Thus, Defendant may remove this action to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1441.

16.    Although Plaintiff asserts state law claims, this Court may assert supplemental jurisdiction over such state-law claims pursuant to 28 U.S.C. § 1367.

### IV.    VENUE IS PROPER

17.    The United States District Court for the Southern District of Texas, Houston Division, embraces the county in which the State Court Action is now pending.  Therefore, under 28 U.S.C. § 1441(a), this Court is a proper venue for this action.

### V.    REMOVAL IS TIMELY

18.    **Service of Process:** Alsco received service of Plaintiff's Petition on January 27, 2024.  *See* Ex. B.

19.    **Removal is Timely:** This Notice of Removal is filed within 30 days of the date Alsco was served with Plaintiff's Petition.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

6

## VI.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

20.   Under 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following documents:

A.   An index of matters being filed (**Exhibit A**);

B.   Service of Process (**Exhibit B**);

C.   Docket sheet from the State Court Action (**Exhibit C**);

D.   Plaintiff's Original Petition (**Exhibit D**);

E.   Alsco's Original Answer and Affirmative Defenses (**Exhibit E**); and

F.   List of all counsel of record (**Exhibit F**).

21.   To date, there have been no orders signed by the judge in the State Court Action. *See* Ex. C.

22.   Pursuant to 28 U.S.C. § 1446(d), Alsco is also promptly filing written notice of filing notice of removal and a true and complete copy of this Notice of Removal with the clerk of the 151st Judicial District Court of Harris County, Texas, and is serving Plaintiff with copies of the same.

## VII.   PRAYER

WHEREFORE, Alsco prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Petition be removed from the 151st Judicial District Court of Harris County, Texas, to the Southern District of Texas, Houston Division.  Alsco further prays that this Court accept jurisdiction of this action and that it be placed on this Court's docket for further proceedings as though it had originated in this Court and that the Court issue all necessary orders.

4924-5795-5870.1

**Date:  February 25, 2025**                    Respectfully submitted,

By:  *Mark D. Temple*
      Mark D. Temple
      Texas Bar No. 00794727
      Federal ID No. 19552
      BAKER & HOSTETLER LLP, Of Counsel
      811 Main Street, Suite 1100
      Houston, Texas  77002
      Phone: (713) 751-1600
      Fax: (713) 751-1717
      mtemple@bakerlaw.com

**ATTORNEY FOR DEFENDANT
ALSCO, INC.**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on February 25, 2025, a copy of Defendant's Notice of Removal was filed with the Clerk of Court using the CM/ECF system, and that a copy of the foregoing was served on counsel of record for Plaintiff via email:

Peter Costea
peter@costealaw.com
Law Office of Peter Costea
4544 Post Oak Place, Suite 350
Houston, Texas 77027

              */s/ Mark D. Temple*
              Mark D. Temple

8

4924-5795-5870.1